UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAREN YVON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| NIAGARA CREDIT SOLUTIONS, INC. ) | |
| and JANE DOE ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

The plaintiff, Karen Yvon, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Niagara Credit Solutions, Inc. and its employee collector. The defendants invaded the plaintiff's privacy and harassed the plaintiff in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

### PARTIES

1. Plaintiff Karen Yvon is an individual consumer residing in Ludlow, Massachusetts.

2. Defendant Niagara Credit Solutions, Inc. ("Niagara") is a foreign corporation organized under the laws of New York. Niagara's registered agent for service in the Commonwealth of Massachusetts is National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02110.

3. Niagara is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

4. Niagara regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

5. Niagara is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. On information and belief, Defendant Jane Doe ("Ms. Doe" or the "collector") is an individual collector employed by Niagra. On information and belief, Ms. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue in this district is proper as the plaintiff resides in this district.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, the defendant was attempting to collect an alleged debt or debts from the plaintiff (hereinafter "debt").

10. The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. On or about August 15, 2010, the defendant Jane Doe called the plaintiff's mother, Claire Hackett, at her home.

12. The collector was at all relevant times, acting within the scope of her employment and/or with actual or apparent authority from Niagra.

13. The plaintiff does not live with her mother.

14. The collector told Ms. Hackett that she was calling regarding a state court judgment against the plaintiff.

15. Ms. Hackett became upset and told the collector that the plaintiff did not live with her.

16. On or about August 18, 2010, the collector called the plaintiff.

17. The collector told the plaintiff that she had learned that the plaintiff held the title to two vehicles and suggested that if the plaintiff did not pay her debt, Niagra would seize the vehicles.

18. In fact, the vehicles mentioned by the collector are owned by the plaintiff's ex-husband and son.

19. The collector also threatened to seize money in the plaintiff's bank accounts in order to satisfy the debt.

20. The plaintiff responded saying that her only income is Social Security Insurance and what little income she has must be spent on living expenses and medical bills.

21. Since that call, the collector has called the plaintiff numerous times.

22. On or about September 2, 2010, the collector called the plaintiff's mother, Ms. Hackett, again.

23. The collector again told Ms. Hackett that she was calling in regards to a court judgment against the plaintiff.

24. The collector also stated that the plaintiff did indeed live with Ms. Hackett, despite Ms. Hackett's statements to the contrary.

25. Ms. Hackett became upset during the call.

26. Ms. Hackett repeated that the plaintiff did not live with her and asked the collector not to call her again.

27. The defendants' unlawful acts caused the plaintiff damages including, but not limited to, emotional distress damages.

## CLAIM FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates and realleges the foregoing paragraphs.

29. The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

30. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

31. The defendants represented or implied that nonpayment of a debt would result in the seizure, garnishment, attachment, or sale of any property or wages of the plaintiff when such action was unlawful and they did not intend to take such action in violation of 15 U.S.C. § 1692e(4).

32. The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

33. The defendants caused the plaintiff's telephone to ring or engaged the plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff in violation of 15 U.S.C. § 1692d(5).

34. The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

35. The defendants' actions caused the plaintiff damages.

36. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Karen Yvon, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.
B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).
E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 21th day of September, 2010.

                                                  KAREN YVON,
by her attorney,

Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282